IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> JESSE WADE NEWSOM, <br><br> Defendant/Movant. | Cause No. CR 15-41-GF-BMM <br> CV 16-93-GF-BMM <br><br> ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Jesse Wade Newsom's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Newsom is a federal prisoner proceeding pro se.

On October 3, 2016, Newsom also filed a motion to have the transcripts of the proceedings in his case produced at public expense.

## I. Motion for Transcripts

In reviewing Newsom's motion, the Court consulted the court reporter's rough transcript of the change of plea hearing and the sentencing hearing. The transcripts are necessary to decide issues presented by the § 2255 motion. The United States will be required to order them for the Court's record and for Newsom. *See* 28 U.S.C. § 753(f).

1

## II. Pre-Service Review of the § 2255 Motion

The § 2255 motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases) It remains the duty of the court, however, to "screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## III. Claims and Analysis

Newsom pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to serve 38 months in prison, to be followed by a 30-month term of supervised release. He makes two claims for relief under 28 U.S.C. § 2255. First, he states that a 30-round magazine is sold in Montana as "standard capacity," so it was unfair to enhance his sentence based on

2

"high" capacity. *See* Mot. § 2255 (Doc. 40) at 4 ¶ 12A. Second, he asserts that one firearm should not have been attributed to him because it was registered to someone else. *Id.* at 4-5 ¶ 12B.

Newsom presents only disagreement with the calculation of his advisory guideline range. Allegations relating to non-constitutional sentencing errors are not cognizable in § 2255 proceedings if they were not raised on direct appeal. *United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1995). The defects of the § 2255 motion might be cured by amendment. The Court will simply address the claims on their merits as if they alleged either that the guidelines are unconstitutional or counsel was ineffective for failing to challenge the manner of their application.

**A. Large-Capacity Magazine**

Newsom's base offense level was established by U.S.S.G. § 2K2.1. *See* Presentence Report ¶ 44. Section 2K2.1(a)(4)(B) sets a base offense level of 20 for a defendant convicted under 18 U.S.C. § 922(g)(1) if the offense "involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) & (ii)(I). A "large capacity magazine" is defined as one that can accept more than 15 rounds of ammunition. *See id.* comment. n.2.

The enhancement exists for much the same reason felons are prohibited from possessing firearms. Because a felon has already been proved willing to break

laws followed by "law-abiding, responsible citizens," there is a "longstanding prohibition[]" on felons possessing firearms. *See District of Columbia v. Heller*, 554 U.S. 570, 626, 635 (2008). A firearm capable of rapidly firing many rounds seems more dangerous than a firearm capable of rapidly firing fewer rounds, and both Congress and the Sentencing Commission have found that semiautomatic weapons should be treated as less like handguns and more like machine guns. *See, e.g.*, *Friedman v. City of Highland Park*, 784 F.3d 406, 411 (7th Cir. 2015); *United States v. Davis*, 668 F.3d 576, 578-79 (8th Cir. 2012); *United States v. Marceau*, 554 F.3d 24, 29-30 (1st Cir. 2009); *United States v. Myers*, 553 F.3d 328, 331 (4th Cir. 2009). The enhanced base offense level for felons who possess high-capacity magazines rationally acknowledges that felons who unlawfully possess relatively more dangerous firearms should be sentenced more harshly than felons who unlawfully possess relatively less dangerous firearms.

No reason exists to suspect either that the guideline is unconstitutional or that counsel was ineffective for failing to make Newsom's meritless argument. *See generally Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). This claim is denied.

### B. Possession of Multiple Firearms

Newsom also received an upward adjustment because he possessed three firearms. *See* U.S.S.G. § 2K2.1(b)(1)(A); Presentence Report ¶ 45. Newsom says

4

"one firearm was not mine" and that his girlfriend, Aira Pedrazzetti, was its registered owner. *See* Mot. § 2255 at 4-5 ¶ 12B. In fact, the presentence report indicates that Pedrazzetti claimed to own two of the firearms. Presentence Report ¶¶ 23-24. The upward adjustment applies to persons who, among other things, unlawfully *possess* firearms. U.S.S.G. § 2K2.1 comment. n.5. Neither ownership nor registration proves decisive.

"A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it." 9th Cir. Jury Instr. (Crim.) No. 3.17 (2010). At the change of plea hearing, Newsom admitted he possessed three firearms. He also agreed that the United States's offer of proof was correct. *See* Offer of Proof (Doc. 21) at 3-7 ¶¶ 1-13; *see also* U.S. Sentencing Mem. Exs. (Docs. 35-1 at 1, 35-3 at 1-4). Sufficient evidence exists to support a finding at sentencing, by a preponderance of the evidence, that Newsom knew of the presence of all firearms found at the residence he shared with Pedrazzetti and that he had both actual physical control as well as the power and intent to control them at various times over a period of months.

No reason exists to suspect either that the guideline is unconstitutional or that counsel was ineffective. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Neither of Newsom's claims meets even the relatively low threshold required for a COA. Both claims present only disagreements with the guidelines applied in his case, and such claims are not cognizable under 28 U.S.C. § 2255. To the extent Newsom might, by amendment, attempt to turn his disagreements into constitutional claims, the issues he identifies—upward adjustments for possession of a large-capacity magazine and multiple firearms—simply offer no foothold in law or fact. Amendment would be futile. No reason exists to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Newsom's motion for transcripts (Doc. 42) is GRANTED as to the

transcripts of the change of plea and sentencing hearings and DENIED as to the arraignment and detention hearings.

2. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Parker:

(a) the change of plea hearing, held September 29, 2015; and

(b) the sentencing hearing, held January 7, 2016.

3. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Jesse Wade Newman, BOP # 13743-046, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Newsom files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-93-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Newsom.

DATED this 6th day of October, 2016.

_____
Brian Morris
United States District Court Judge