IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JESSE WADE NEWSOM,<br><br>Defendant/Movant. | CR 15-41-GF-BMM<br><br>**ORDER RECHARACTERIZING AND DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

On October 6, 2016, the Court denied Defendant/Movant Jesse Wade Newsom's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. On October 10, 2016, Newsom submitted an additional claim for relief. *See* Mot. to Correct Sentence (Doc. 45) at 1 (date at signature line). On October 20, 2016, that claim was dismissed as an unauthorized second or successive motion under 28 U.S.C. § 2255.

On November 7, 2016, Newsom submitted yet another claim for relief, a "Motion to Void Judgement Pursuant to Rule 60(b)(6)." Rule 60(b)(6) is a rule of civil procedure. *See* Fed. R. Civ. P. 60(b)(6); *see also* Fed. R. Civ. P. 1. It could operate against the judgment denying Newsom's § 2255 motion, because a § 2255 motion is a civil proceeding. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). A Rule 60(b) motion cannot operate against the criminal judgment, that is, the conviction or the sentence.

1

Even as to the civil matter, however, Newsom's motion is misdirected. Presenting a new claim for relief is not a legitimate use of a Rule 60(b) motion in a habeas proceeding. Newsom's Rule 60(b) motion is in reality an unauthorized second or successive motion under 28 U.S.C. § 2255 and must be recharacterized as such. It is therefore dismissed. As Newsom has already been advised, *see* Order (Doc. 46) at 1, his recourse at this point lies in appealing the denial of his § 2255 motion, or applying to the court of appeals for leave to file a second or successive motion under § 2255, or both. *See Gonzalez*, 545 U.S. at 530-32; *United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011); *see also Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

A certificate of appealability is not warranted. Newsom's new claim does not make a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). Although he claims the Court lacked subject-matter jurisdiction, *see* Mot. to Void at 1, it did not, *see* 18 U.S.C. § 3231. In addition, when Newsom pled guilty, he admitted he had been convicted of a felony in the State of Washington. *See, e.g.*, Plea Agreement (Doc. 19) at 3 ¶ 4; Offer of Proof (Doc. 21) at 6 ¶ 12.

Accordingly, IT IS HEREBY ORDERED that Newsom's "motion to void judgment" (Doc. 47) is DISMISSED as an unauthorized second or successive

motion under 28 U.S.C. § 2255.  A certificate of appealability is also DENIED.

DATED this 16th day of November, 2016.

/s/ Brian Morris
Brian Morris
United States District Court Judge